IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GROUND EXPRESS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| FedEx CORPORATION, ) | MAGISTRATE JUDGE _____ |
| ) | |
| Defendant. ) | 03 CV 12544 WGY |

**COMPLAINT**

NOW COMES Plaintiff, Ground Express, Inc., and complains that:

PARTIES

1. Plaintiff Ground Express, Inc. ("Ground Express") is a corporation organized under the laws of the Commonwealth of Massachusetts, having its principal place of business at 77 Central Street, Boston, Massachusetts 02109.

2. Defendant, FedEx Corporation, ("FedEx"), upon information and belief, is a corporation organized under the laws of the State of Delaware having its principal place of business located at 942 South Shady Grove Road, Memphis, Tennessee 38125.

JURISDICTION

3. Jurisdiction of this Court arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. § 1331 (Federal question), and § 1338(a) (trademark case).

1

Venue is proper here under 28 U.S.C. § 1331 (Federal question), and § 1338(a) (trademark case). Venue is proper here under 28 U.S.C. § 1391(b).

4. This Court has personal jurisdiction over FedEx by virtue of its activities conducted in the Commonwealth.

## FACTUAL BACKGROUND

5. Ground Express is an established company whose principal business is same day package and parcel delivery, predominantly within localized areas of the Commonwealth of Massachusetts. Plaintiff's business, more particularly, involves ground-based package and parcel pick-up and delivery by its own drivers within relatively localized areas.

6. Ground Express is and, at all time material hereto, has been actually using the service mark "groundex" in conjunction with ground-based, localized package and parcel pick-up and delivery service.

7. On information and belief, FedEx is the owner of U.S. Trademark Registration No. 2,494,021 (the "'021 registration") for the mark "FedEx Ground" plus design, which was registered by the U.S. Patent and Trademark Office ("PTO") on October 2, 2001.

8. On information and belief, FedEx, in order to induce the PTO to allow its application to register, disclaimed the right of exclusive use of the word "Ground" apart from the mark "FedEx Ground".

9. Upon information and belief, FedEx uses the mark "FedEx Ground" plus design for delivery services that typically, if not exclusively, involve a primary air (i.e., non-ground) leg and next day delivery.

10. FedEx has charged Ground Express with infringement of the '021 registration, and has threatened to take legal action against Ground Express.

11. Ground Express has denied that it infringes the '021 registration or any other trademarks or service marks of FedEx.

12. This action is for a declaratory judgment that Ground Express' use of the service mark "groundex" in no way infringes the '021 registration or any other trademarks or service mark rights of FedEx.

## COUNT I
(Declaratory Judgment)

13. Ground Express incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as though the same were fully rewritten herein.

14. A substantial and continuing controversy exists between Ground Express and FedEx with regard whether Ground Express' use of the "groundex" service mark infringes the '021 registration.

15. There is no likelihood of confusion between "groundex" and "FedEx Ground" plus design given the differences between the marks themselves and the differences in the respective services of Ground Express and FedEx.

## PRAYERS FOR RELIEF

WHEREFORE, Ground Express prays that judgment be entered by this Court in its favor and against FedEx, as follows:

A. Declaring that Ground Express' use of the "groundex" service mark does not infringe the '021 registration or any other valid trademarks or service mark rights of FedEx.;

B. Enjoining FedEx, its officers, employees, agents, attorneys, and those in active concert with them, from enforcing or threatening to enforce the '021 registration or any other trademarks or service mark against Ground Express and/or its use of "groundex";

C. Awarding Ground Express its costs and reasonable attorneys' fees incurred as a result of this action; and

D. Awarding Ground Express such other and further relief as this Court may deem just.

## JURY DEMAND

Ground Express demands a trial by jury on all issues triable of right by a jury which are raised for determination by this Complaint and Jury Demand or which may be raised by any pleading or amended pleading, including any counterclaim, to be filed herein.

GROUND EXPRESS, INC.

By Its Attorneys,

_____
Thomas C. O'Konski (BBO # 377475)
John L. Capone (BBO # 656150)
Kevin Gannon (BBO # 640931)
Cesari and McKenna, LLP
88 Black Falcon Avenue
Boston, Massachusetts 02210
Tel. (617) 951-2500
Facsimile (617) 951-3927

Dated: December 17, 2003