IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GROUND EXPRESS, INC., )
)
Plaintiff, )
)
v. ) Civil Action No. 03 CV 12544 (WGY)
)
FedEx CORPORATION, )
)
Defendant. )

### DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIM

Defendant, Federal Express Corporation, ("FedEx"), incorrectly sued as FedEx Corporation, for its answer to the complaint of Plaintiff, Ground Express, Inc., ("Ground Express"), and for its counterclaim, states as follows:

### ANSWER

1.  FedEx admits the allegations contained in paragraph 1.

2.  FedEx admits the allegations contained in paragraph 2.

3.  FedEx admits the allegations contained in paragraph 3.

4.  FedEx admits the allegations contained in paragraph 4.

5.  FedEx admits only that Ground Express is involved in package and parcel delivery along with other services that are similar to those offered by FedEx. Further answering, FedEx is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5, and therefore, denies these allegations.

6. FedEx admits only that Ground Express has used variations of the trademark "groundex," including "GroundEx." Further answering, FedEx denies the remaining allegations of paragraph 6.

7. FedEx admits the allegations contained in paragraph 7.

8. FedEx admits only that it was required to disclaim the word "ground." Further answering, FedEx denies the remaining allegations of paragraph 8.

9. FedEx admits only that it uses its trademark for delivery services. Further answering, FedEx denies the remaining allegations of paragraph 9.

10. FedEx admits only that it brought this matter to the attention of Ground Express. Further answering, FedEx denies the remaining allegations of paragraph 10.

11. FedEx admits the allegations contained in paragraph 11.

12. FedEx admits only that Ground Express is seeking a declaration of non-infringement. Further answering, FedEx denies the remaining allegations of paragraph 12.

13. FedEx repeats and realleges its answers to paragraphs 1 through 12 of the complaint above as if fully set forth here.

14. FedEx admits the allegations contained in paragraph 14.

15. FedEx denies the allegations contained in paragraph 15.

WHEREFORE, Federal Express Corporation denies that Ground Express, Inc. is entitled to any judgment, relief, or declaratory relief whatsoever, including, but not limited to, the relief sought in paragraphs (A) through (D) of its prayer for relief.

## COUNTERCLAIM

Counterplaintiff, Federal Express Corporation and for its counterclaim against counterdefendant, Ground Express, Inc., ("Ground Express"), states as follows:

1. Federal Express Corporation is a corporation organized under the laws of the State of Delaware with its principal place of business in Memphis, Tennessee. It owns the trademark that is relevant to this matter and licenses this trademark to FedEx Ground Package System, Inc. Both of these entities are collectively referred to as "FedEx" in this counterclaim, and both of these entities are subsidiaries of FedEx Corporation, which was incorrectly named as and sued as a defendant in this matter.

2. Ground Express is a corporation organized under the laws of the Commonwealth of Massachusetts, with its principal place of business in Boston, Massachusetts.

### Jurisdiction and Venue

3. Ground Express directly and through its agents, transacts business within and is doing business in the Commonwealth of Massachusetts. Ground Express is a citizen of the Commonwealth of Massachusetts.

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1338. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

### General Allegations

5. FedEx is the owner of a registered federal trademark for the trademark "FedEx Ground" (Reg. No. 2,494,021) in connection with "pick up, storage, transportation and delivery of documents, packages and freight by land and air."

6. FedEx's registration is valid and existing, and it acquired fame and distinctiveness well before the use of any trademark by Ground Express relevant to this action.

7. FedEx's trademark is inherently distinctive as demonstrated by the granting of the federal trademark registration for the trademark.

8. FedEx's trademark has been extensively used, advertised and promoted throughout the United States and in foreign countries in connection with its goods and services.

9. As a result of FedEx's use, advertisement, and promotion of its "FedEx Ground" trademark, the trademark has become highly distinctive and has become well and favorably known throughout the United States and foreign countries as identifying FedEx's goods and services, and the trademark has as a result acquired fame. FedEx has developed a valuable goodwill with respect to its "FedEx Ground" trademark.

10. Well after FedEx began using its "FedEx Ground" trademark and after the trademark had acquired fame, Ground Express was formed as a Massachusetts corporation and adopted and began to use the designations "groundex" and "GroundEx" in connection with goods and services that are related and similar to FedEx's goods and services, including goods and services related and similar to the goods and services offered under the "FedEx Ground" trademark.

11. FedEx brought its "FedEx Ground" trademark, its prior use of the trademark, and the fame of its trademark to the attention of Ground Express, and asked that Ground Express cease and desist from its infringing and diluting conduct and unfair competition. Ground Express declined to cease and desist from its conduct, and instead, on or about December 17, 2003, Ground Express filed its complaint in this action against FedEx.

12. Ground Express adopted its "groundex" trademarks and acted with knowledge of FedEx's "FedEx Ground" trademark and the valuable goodwill and business reputation associated with that trademark, with intent to confuse, mislead and deceive the public into believing Ground Express's goods and services came from FedEx or were in some manner or associated with or endorsed by FedEx.

13. Ground Express's use of the infringing trademark is likely to lead members of the relevant public and trade to believe that Ground Express's goods and services are provided by or in association with or under the supervision or sponsorship of FedEx.

14. On information and belief, Ground Express has deliberately and willfully used the "groundex" trademark and variations of the trademark to trade on the reputation and goodwill FedEx has established in its "FedEx Ground" trademark.

15. Ground Express's use of the "groundex" trademark in connection with delivery, package pick-up, shipping, courier and other related goods and services will likely dilute the distinctiveness of, or otherwise tarnish or diminish FedEx's "FedEx Ground" trademark and has injured FedEx and likely will continue to injure the business reputation of FedEx.

## COUNT I
### (Federal Statutory Trademark Infringement)

16.     FedEx repeats and realleges the allegations of paragraphs 1-15 of its counterclaim as if fully set forth here.

17. Ground Express's actions and conduct alleged above constitute infringement of a federally registered trademark in violation of 15 U.S.C. §§ 1114, et seq., and have caused damage and injury to FedEx.

## COUNT II
### (Federal Unfair Competition)

18. FedEx repeats and realleges the allegations of paragraphs 1-15 of its counterclaim as if fully set forth here.

19. Ground Express's actions and conduct alleged above constitute use in commerce of a word, term, name, or device and false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Ground Express with

FedEx or as to the origin, sponsorship, or approval of Ground Express's goods and services in violation of 15 U.S.C. §1125(a) and have caused damage and injury to FedEx.

## COUNT III
### (Federal Trademark Dilution)

20. FedEx repeats and realleges the allegations of paragraphs 1-15 of its counterclaim as if fully set forth here.

21. Ground Express's actions and conduct alleged above constitute use in commerce of a word, term, name, or device that is likely to dilute the distinctive quality of FedEx's famous trademark in violation of 15 U.S.C. § 1125(c) and have caused damage and injury to FedEx.

## COUNT IV
### (Common Law Trademark Infringement)

22. FedEx repeats and realleges the allegations of paragraphs 1-15 of its counterclaim as if fully set forth here.

23. Ground Express's actions and conduct alleged above constitute infringement of FedEx's common law trademark rights in violation of law of the Commonwealth of Massachusetts and common law and have caused damage and injury to FedEx.

## COUNT V
### (Unfair Competition)

24. FedEx repeats and realleges the allegations of paragraphs 1-15 of its counterclaim as if fully set forth here.

25. Ground Express's actions and conduct alleged above constitute unfair competition under the law of the Commonwealth of Massachusetts and common law and have caused damage and injury to FedEx.

26. FedEx and GroundEx both are engaged in trade or commerce in the Commonwealth of Massachusetts.

27. GroundEx's willful efforts to create consumer confusion and trade off the goodwill FedEx has established in its trademarks constitute willful or knowing unfair methods of competition and/or deceptive acts or practices in violation of Mass. Gen. L. ch. 93A, §§ 2 and 11.

28. As a result of GroundEx's unfair methods of competition and/or deceptive acts or practices, FedEx has suffered the loss of money or property.

## COUNT VI
### (Trademark Dilution Under Massachusetts Law)

29. FedEx repeats and realleges its allegations of paragraphs 1-15 of its counterclaim as if fully set forth here.

30. Ground Express's actions and conduct alleged above constitute a use in commerce that is likely to cause injury to FedEx's business reputation or dilution of the distinctive quality of its "FedEx Ground" trademark pursuant to Massachusetts General Laws, Chapter 110B, Section 12.

WHEREFORE, Counterplaintiff, Federal Express Corporation, requests that judgment be entered in its favor and against Counterdefendant, Ground Express, Inc., as follows:

1. That Ground Express, Inc., Ground Express, Inc.'s agents, employees, licensees, affiliates, any parent and subsidiary corporations, attorneys, and representatives and all those privity with or acting under counterdefendant's direction and/or pursuant to counterdefendant's control, be enjoined and restrained, preliminary and permanently from directly or indirectly:

   (a) Using the trademark "groundex" or "GroundEx" or any variation, url or domain name;

(b) Performing any acts that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Federal Express Corporation is associated with Ground Express, Inc., its goods, or services; and

(c) Using any of Federal Express Corporation's service marks, trademarks, or trade names or engaging in any other conduct that creates a likelihood of injury to the business reputation of Federal Express Corporation or a likelihood of misappropriation and dilution of Federal Express Corporation's distinctive trademarks and goodwill associated with Federal Express Corporation's distinctive trademarks.

2. That Ground Express, Inc. be required to pay to Federal Express Corporation compensatory damages according to proof for the injury sustained by Federal Express Corporation, which sum should be trebled under 15 U.S.C. §1117 and Mass. Gen. L. ch. 93A, §§ 2 and 11;

3. That Ground Express, Inc. be required to account to Federal Express Corporation for any and all gains, profits, and advantages derived by it from the activities complained of in this counterclaim;

4. That Ground Express, Inc. be required to pay to Federal Express Corporation the cost of this action, together with its reasonable attorneys' fees and interest; and

6. That Federal Express Corporation be granted such other and further relief as this Court deems just or equitable.

## JURY DEMAND

Federal Express Corporation demands a trial by jury on all issues triable of right by a jury which are raised for determination by the complaint and counterclaim or which may be raised by any defenses, pleading or amended pleading, to be filed herein.

FEDERAL EXPRESS CORPORATION

By its attorneys,

Dated: April 6, 2004

*Steven M. Cowley*
Steven M. Cowley (BBO #554534)
Christopher P. Silva (BBO #645191)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
Telephone (617) 439-4444
Facsimile (617) 439-4170

Of Counsel:

Robert R. Ross
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Third Floor, Building B
Memphis, TN 38125
Telephone (901) 434-8369
Facsimile (901) 434-8283

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April 2004, I caused a copy of the foregoing document to be placed in the United States Postal Service, first-class postage prepaid to Thomas C. O'Konski, John L. Capone and Kevin Gannon, Cesari and McKenna, LLP, 88 Black Falcon Avenue, Boston, Massachusetts 02210, attorneys for Ground Express, Inc.

*Christopher P. Silva*
Christopher P. Silva

# Edwards & Angell LLP

101 Federal Street   Boston, MA 02110   617.439.4444   *fax* 617.439.4170

**Christopher P. Silva**
ph. 617.951.3387
*fx.* 888.325.9524
CSilva@EdwardsArgell.com

April 6, 2004

**BY HAND**

Civil Clerk
United States District Court
  for the District of Massachusetts
John Joseph Moakley Courthouse
1 Courthouse Way
Boston, MA 02210

Re:   <u>Ground Express, Inc. v. FedEx Corporation</u>
      Civil Action No. 03-CV-12544-WGY

Dear Sir or Madam:

Enclosed for filing in the above referenced matter please find Defendant's Answer to Complaint and Counterclaim. Please date stamp the enclosed copy of the first sheet of that document and return it to the waiting courier.

Thank you for your assistance.

Very truly yours,

*Christopher P. Silva*

Christopher P. Silva

Enclosure

cc:   Steven M. Cowley, Esq.
      Thomas C. O'Konski, Esq.