IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GROUND EXPRESS, INC., </br></br>  Plaintiff, </br></br> v. </br></br> FedEx CORPORATION, </br></br> Defendant. | Civil Action No. 03 CV 12544 (WGY) |

## GROUND EXPRESS INC.'S REPLY TO COUTNERCLAIM

Plaintiff/Counterclaim Defendant, Ground Express, Inc. ("Ground Express") submits this reply to the counterclaim of Counterclaim Plaintiff, Federal Express Corporation ("FedEx") as follows:

1.   Ground Express is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies them.

2.   Ground Express admits the allegations of this paragraph.

### Jurisdiction and Venue

3.   Ground Express admits the allegations in this paragraph.

4.   Ground Express admits the allegations in this paragraph.

### General Allegations

5.   Ground Express admits that FedEx is the owner of record of Reg. No. 2,494,021 for the trademark "FedEx Ground" in connection with "pickup, storage, transportation and delivery of documents, packages and freight by land and air"; Ground Express otherwise denies the allegations of this paragraph.

6. Ground Express is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies them.

7. Ground Express admits that "Federal Express" and "FedEx" are inherently distinctive, but denies that the mark "FedEx Ground" is inherently distinctive given FedEx's disclaimer of the term "Ground" apart from the mark.

8. Ground Express is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies them.

9. Ground Express denies the allegations of this paragraph.

10. Ground Express admits that it formed a Massachusetts corporation and adopted and began to use the designation "groundex", but otherwise denies the allegations of this paragraph.

11. Ground Express admits that FedEx brought its "FedEx Ground" trademark to the attention of Ground Express and demanded that Ground Express cease and desist from all use of "groundex" in connection with its services; Ground Express also admits it filed its complaint in this action against FedEx on or about December 17, 2003; Ground Express otherwise denies the allegations of this paragraph.

12. Ground Express denies the allegations of this paragraph.

13. Ground Express denies the allegations of this paragraph.

14. Ground Express denies the allegations of this paragraph.

15. Ground Express denies the allegations of this paragraph.

### COUNT I
**(Federal Statutory Trademark Infringement)**

16. Ground Express repeats and realleges its reply to the allegations of paragraphs 1-15 above as if fully set forth here.

17. Ground Express denies the allegations of this paragraph.

## COUNT II
### (Federal Unfair Competition)

18. Ground Express repeats and realleges its reply to the allegations of paragraphs 1-17 above as if fully set forth here.

19. Ground Express denies the allegations of this paragraph.

## COUNT III
### (Federal Trademark Dilution)

20. Ground Express repeats and realleges its reply to the allegations of paragraphs 1-19 above as if fully set forth here.

21. Ground Express denies the allegations of this paragraph.

## COUNT IV
### (Common Law Trademark Infringement)

22. Ground Express repeats and realleges its reply to the allegations of paragraphs 1-21 above as if fully set forth here.

23. Ground Express denies the allegations of this paragraph.

## COUNT V
### (Unfair Competition)

24. Ground Express repeats and realleges its reply to the allegations of paragraphs 1-23 above as if fully set forth here.

25. Ground Express denies the allegations of this paragraph.

26. Ground Express admits that FedEx and it are both engaged in trade or commerce in the Commonwealth of Massachusetts.

27. Ground Express denies the allegations of this paragraph.

28. Ground Express denies the allegations of this paragraph.

## COUNT VI
### (Trademark Dilution Under Massachusetts Law)

29. Ground Express repeats and realleges its reply to the allegations of paragraphs 1-28 above as if fully set forth here.

30. Ground Express denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Counterclaim plaintiff's counterclaims are barred by the doctrines of waiver and laches.

### SECOND AFFIRMATIVE DEFENSE

Counterclaim plaintiff's counterclaims are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

Counterclaim plaintiff's counterclaims are barred by its acquiescence or failure to protect any alleged trademark it owned and to do so in a reasonable and timely manner.

WHEREFORE, Plaintiff /Counterclaim Defendant, Ground Express, Inc. respectfully requests that:

A. the counterclaim of Defendant/Counterclaim Plaintiff Federal Express Corporation be dismissed;

B. judgment be entered in its favor on its complaint against Defendant/ Counterclaim Plaintiff Federal Express Corporation; and

C. Defendant/Counterclaim Plaintiff Federal Express Corporation be enjoined from interfering with Plaintiff /Counterclaim Defendant, Ground Express, Inc.'s use of its "groundex" service mark.

## JURY DEMAND

Ground Express demands a trial by jury on all issues triable of right by a jury which are raised for determination by this counterclaim or which may be raised by any pleading or amended pleading, to be filed herein.

                GROUND EXPRESS, INC.

                By Its Attorneys,

                _____
                Thomas C. O'Konski (BBO # 377475)
                John L. Capone (BBO # 656150)
                Kevin Gannon (BBO # 640931)
                Cesari and McKenna, LLP
                88 Black Falcon Avenue
                Boston, Massachusetts 02210
                Tel. (617) 951-2500
                Facsimile (617) 951-3927

Dated: April 23, 2004

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document is being deposited with the United States Postal Service on April 23, 2004, in an envelope addressed to counsel for defendant, FedEx Corporation:

>Steven M. Crowley
>Edwards & Angell
>101 Federal Street
>Boston, MA 02110

*/s/ Jeneen Adams*